**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**July 15, 2026**

_____

**Christopher M. Wolpert**
**Clerk of Court**

MARK MONDRAGON,
o.b.o. D.M., a minor child,
SARAH MONTOYA, o.b.o.
L.M., a minor child, and
ANGELA SALAZAR,
o.b.o. J.M., a minor child,

    Plaintiffs - Appellees,

v.

GEORGE ARCHULETA,

    Defendant - Appellant,

and

RIO RANCHO PUBLIC
SCHOOLS BOARD OF
EDUCATION,

    Defendants.

No. 25-2043
(D.C. Nos. 1:21-CV-00427-KK-JMR,
1:21-CV-00648-KK-JMR,
1:21-CV-00751-KK-JMR)
(D. N.M.)

_____

**ORDER**[*]
_____

Before **BACHARACH**, **EBEL**, and **KELLY**, Circuit Judges.
_____

In this appeal, we address appellate jurisdiction over a challenge to the denial of qualified immunity.

_____

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

The case began when three male high-school students sued Mr. George Archuleta (a security aide) for violating the Fourth Amendment, claiming that he had touched the students' genitals through their pants during a search. Mr. Archuleta denied touching the students' genitals and sought summary judgment based on qualified immunity. The district court denied summary judgment, reasoning that a jury could justifiably find that Mr. Archuleta had deliberately touched the students' genitals for his own personal gratification. Mr. Archuleta appeals, arguing that he enjoys qualified immunity because he acted reasonably in conducting the searches and didn't deliberately touch the genitals.

We ordinarily lack jurisdiction over a denial of summary judgment because the decision is not considered *final*. *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011). An exception exists for a denial of qualified immunity. *Johnson v. Jones*, 515 U.S. 304, 311–12 (1995). But even for qualified immunity, we can consider only abstract issues of law. *Lewis v. Tripp*, 604 F.3d 1221, 1225 (10th Cir. 2010).[1]

---

[1]    Exceptions exist when

- the district court fails to identify the facts supporting a plaintiff's claims or

- the court's factual conclusions blatantly contradict the record.

*Lewis*, 604 F.3d of 1225–26. But Mr. Archuleta doesn't invoke either exception.

2

Given this limitation, we lack jurisdiction to consider the denial of qualified immunity when the defendant "dispute[s] the facts a district court determines a reasonable juror could find." *Ralston v. Cannon*, 884 F.3d 1060, 1067 (10th Cir. 2018). So when a defendant challenges the denial of qualified immunity based on his own version of the facts, we lack jurisdiction. *Duda v. Elder*, 7 F.4th 899, 909–10 (10th Cir. 2021).

On appeal, Mr. Archuleta asserts that he didn't violate a clearly established right because he didn't intentionally touch the students' genitals. For example, Mr. Archuleta makes three arguments:

1.      The district court's application of "strip search" case law to find a "clearly established" violation in the instant case was error as it was not a clearly established violation of the Fourth Amendment to conduct an over-the-clothing student pat-down search justified at its inception, including the search of pockets, *where Defendant Archuleta may have inadvertently or incidentally touched a student's genitals*. (Appellant's Opening Br. at 12 (emphasis added)).

2.      This logically leads to the conclusion that Plaintiffs never identified, nor did the district court find, clearly established case law establishing that conducting an over-the-clothing student pat-down search that was justified at its inception, including the search of pockets, *where Defendant Archuleta may have inadvertently or incidentally touched a student's genitals*, was unlawful. (Appellant's Opening Br. at 23–24 (emphasis added)).

3.      If there is no consensus on case law for school strip searches, as found by the Supreme Court in *Safford [Unified Sch. Dist. No. 1 v. Redding*, 557 U.S. 364 (2009)], the law is not clearly established for over the clothing, pat down searches of students that may involve temporary

3

touching of male genitalia. (Appellant's Opening Br. at 25–26).

These arguments for qualified immunity rest on a factual dispute; and the district court concluded that a reasonable jury could find that Mr. Archuleta had deliberately touched the genitals for his own personal gratification. Appellant's App'x vol. 3, at 600, 604, 607–608, 610, 613–614. Despite his factual arguments, Mr. Archuleta doesn't question the clarity of a constitutional violation under the district court's determination about what a reasonable jury could find.[2]

Granted, Mr. Archuleta does question the district court's application of the test for qualified immunity. For example, Mr. Archuleta argues that the district court

- overread *Safford Unified Sch. Dist. No. 1 v. Redding*, 557 U.S. 364 (2009) to determine what constitutes a clearly established right,

- shouldn't have applied a sliding scale to a clearly established violation absent a previous case with similar facts, and

- improperly discounted Mr. Archuleta's reasons for thinking that the students had been in a gang.

---

[2] In his reply brief, Mr. Archuleta included arguments involving the clarity of a violation when a sexual assault takes place during a school search. But Mr. Archuleta waived these arguments by omitting them from his opening brief. *United States v. Beckstead*, 500 F.3d 1154, 1162 (10th Cir. 2007).

Appellant's Opening Br. at 20–26, 29–31. But Mr. Archuleta doesn't argue that he would be entitled to qualified immunity if he had touched the students' genitals for his own personal gratification. He instead relies on his own version of the facts. So we lack jurisdiction and dismiss the appeal. *Duda v. Elder*, 7 F.4th 899, 916–17 (10th Cir. 2021).

Entered for the Court

Robert E. Bacharach
Circuit Judge

5